**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JONATHAN VOORHIS,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 25-353 Erie** |
| **v.** | ) | |
| | ) | **District Judge Susan Paradise Baxter** |
| **SGT. LUSCHINI,** | ) | **Magistrate Judge Richard A. Lanzillo** |
| **Defendant.** | ) | |

**MEMORANDUM ORDER**

Plaintiff Jonathan Voorhis initiated this action on December 9, 2025, by filing a motion to proceed *in forma pauperis* ("ifp motion") [ECF No. 1] with an attached *pro se* civil rights complaint [ECF No. 1-1]. The matter was referred to United States Magistrate Judge Richard A. Lanzillo for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

Plaintiff's ifp motion was granted on March 3, 2026, at which time Plaintiff's complaint was formally docketed. [ECF No. 4]. Plaintiff subsequently filed an amended complaint on March 20, 2026, which is the operative pleading on this case. [ECF No. 5]. The amended complaint names a single Defendant, Sgt. Jason Luschini, an officer employed by the Erie Police Department. Plaintiff alleges that Defendant violated his First Amendment right to access the courts by withholding from Plaintiff certain body camera footage that Plaintiff "had reason to believe" captured material evidence pertaining to his claims in a separate action that is currently pending in the United States District Court for the Middle District of Pennsylvania at 4:25-cv-1843.

After reviewing Plaintiff's complaint under the screening provisions of 28 U.S.C. § 1915(e), Judge Lanzillo issued a Report and Recommendation on October 9, 2026,

recommending that the complaint be dismissed, with prejudice, as legally frivolous and/or for failure to state a claim. [ECF No. 8]. Specifically, Judge Lanzillo concluded that Plaintiff's allegations fail to establish actual injury in that they fail to show that "Defendant's alleged conduct has not prevented Plaintiff from initiating any suit or otherwise caused him to lose a nonfrivolous claim." (Id. at p. 5).

Plaintiff has filed timely objections to the R&R [ECF No. 9] arguing that "dismissal would prevent [him] from adequately pleading his claim in light of newly developed facts concerning his ability to monetize the recorded video content and the resulting economic injury." (Id. at ¶ 2). In short, Plaintiff argues that he should be allowed to amend his pleading to claim economic injury allegedly stemming from Defendant's refusal to provide video footage; however, any economic injury Plaintiff has purportedly incurred is not the type of injury that is necessary to support an access to courts claim. Thus, Plaintiff's objections are without merit.

After *de novo* review of the complaint, together with the report and recommendation and objections thereto, the following order is entered:

AND NOW, this 10th day of November, 2026;

IT IS HEREBY ORDERED that this case is DISMISSED, with prejudice, pursuant to 28 U.S.C. § 1915(e), because Plaintiff's access to courts claim fails to establish actual injury of the type necessary to support such claim. The report and recommendation of Magistrate Judge Lanzillo, issued October 6, 2026 [ECF No. 8], is adopted as the opinion of the Court.

The Clerk is directed to mark this case CLOSED.

Susan Paradise Baxter

SUSAN PARADISE BAXTER
United States District Judge

cc: The Honorable Richard A. Lanzillo
United States Magistrate Judge

all parties of record